# In re Lincoln Avenue.   Mary Rodgers's Appeal.

*Road law—Paving—Original pavement—Turnpike company.*

In proceedings to charge abutting property owners with the cost of paving a borough street, the owners will not be relieved on the ground that the work was a repaving, where it appears that a turnpike company had stoned a portion of the road from one fourth to one half the width, and at the time the road ceased to be the property of the turnpike company such stoning as had been done was in a ruinous condition, was removed by the borough in paving, and had never been used or adopted by it.

Argued Oct. 24, 1899. Appeal, No. 48, Oct. T., 1899, by Mary Rodgers, from order of C. P. No. 2, Allegheny Co., Jan. T., 1895, No. 361, dismissing exceptions to report of viewers. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Affirmed.

Exceptions to report of viewers.

SHAFER, J., filed the following opinion:

Lincoln avenue in the borough of Bellevue was graded and paved under an ordinance of council and this proceeding is for

the assessment of the cost of the improvement. The viewers have made a report whereby the cost of the improvement has been assessed against the owners of the abutting properties according to the frontage on the avenue. To this a large number of the parties assessed have filed exceptions, all so far as we can see in the same words.

There are nine exceptions, the substance of which is that the cost of the paving should not be borne by the abutting property, because: (1) the street is a main thoroughfare and the paving of it a benefit to persons outside the borough and in the borough, not on this avenue; (2) the avenue was formerly a turnpike and was taken by the county commissioners from the turnpike company by condemnation proceedings, and therefore belongs to the county; (3) the proceedings to widen and improve the avenue have never been ended; (4) this is a rural district and the foot-front rule does not apply to it; (5) the turnpike company macadamized the road, and the paving by the borough is a repaving and not an original improvement; (6) a part of the avenue was not included in the improvement.

The first, second and sixth of these reasons do not require notice. . As to the third it appears that some appeals from the assessments for the widening of the street have not been finally disposed of. That is no reason why the street should not be paved and the paving paid for by those to whom it may be chargeable. As to the fourth we find from the evidence that this is not a rural district, but that the avenue is practically a city street. The fifth is that on which the exceptants principally rely. We find from the evidence that while the turnpike company was in possession of the road they stoned a portion of the road one fourth to one half its width, leaving a dirt road on one side, at least, if not on both, repairing the same from time to time with broken stone. At the time the road ceased to be the property of the company such stoning or macadamizing as had been done was in a ruinous and unsafe condition and it was removed by the borough in paving, and never used or adopted by it.

Under this state of facts it is too plain for argument that under the rules laid down in Philadelphia v. Eddleman, 169 Pa. 454, the so-called macadamizing of the avenue was not

either in its physical character or its origin such a paving or improvement as will preclude the assessment of the cost of the present improvement on the abutting properties. It did not change " an ordinary clay road into a good reasonably smooth and substantial highway practically equivalent to an ordinarily well improved street paved with cobble stones or other materials then used for paving, nor was it put down originally or adopted or acquiesced in subsequently by the municipal authority for the purpose and with the intent of changing an ordinary road into a street."

The exceptions of all parties exceptant are dismissed.

*Error assigned* was in dismissing exceptions to auditor's report.

*James Fitzsimmons*, with him *J. S. Ferguson* and *David L. Starr*, for appellants.—Where a street is changed by macadamizing from an ordinary clay road into a good, reasonably smooth and substantial highway, practically equivalent to an ordinarily well improved street paved with cobble stone or other materials used for paving, it is paved within the meaning of the law, and subsequent repaving with wood, stone or asphalt must be borne by the public, and not by the owners of the property abutting on the street: City of Harrisburg v. Segelbaum, 151 Pa. 172 ; Philadelphia v. Eddleman, 169 Pa. 452 ; Leake v. Philadelphia, 171 Pa. 125 ; Benedict v. Goit, 3 Barb. 466 ; Walker v. Caywood, 31 N. Y. 61 ; Elliott on Roads and Streets, 54 ; Craig v. The People, 47 Ill. 487 ; Greensburg Borough v. Laird, 138 Pa. 539 ; Breed v. City of Allegheny, 85 Pa. 214 ; Boyer v. Reading City, 151 Pa. 185 ; City of Williamsport v. Beck, 128 Pa. 147 ; Wilson v. Allegheny City, 79 Pa. 272 ; Hammett v. Philadelphia, 65 Pa. 155 ; Washington Ave., 69 Pa. 361 ; Seely v. City of Pittsburg, 82 Pa. 360.

*George H. Quaill*, for appellee, was not heard, but in his printed brief said : The facts establish a similar case to those where the abutting owners were compelled to pay : Philadelphia v. Baker, 140 Pa. 11 ; Philadelphia v. Dibeler, 147 Pa. 261 ; Philadelphia v. Hill, 166 Pa. 211 ; Philadelphia v. Eddleman, 169 Pa. 452.

PER CURIAM, October 30, 1899:

We find no error in this record that requires us to sustain any of the specifications of error. For reasons given in the opinion of the learned judge of the court below appellant's exceptions were rightly dismissed.

Decree affirmed and appeal dismissed at appellant's costs.

